UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARMANDO JAUREGUI, | Case No. 3:25-cv-00293-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DARCY CAMERON, *et al.*, | |
| Defendants. | |

Plaintiff Armando Jauregui ("Jauregui") is proceeding on multiple 42 U.S.C. § 1983 claims relating to his underlying state criminal conviction in his 2019 misdemeanor trial: (1) due process violations; and (2) Sixth Amendment violations of the right to a speedy trial and the right to confront witnesses. (ECF Nos. 1-1, 5.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), recommending the Court deny as moot Plaintiff's *in forma pauperis* ("IFP") application (ECF No. 1), dismiss the complaint (ECF No. 1-1 ("Complaint")) without prejudice and without leave to amend, and deny as moot the motion for appointment of counsel (ECF No. 1-3). To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin recommends the Court dismiss Plaintiff's case on procedural grounds because Jauregui is challenging the constitutionality of his state court criminal conviction, and, to proceed under § 1983, one must first demonstrate the conviction has already been overturned. (ECF No. 5 at 4-5.)

1    Because Jauregui appears to challenge the validity of his state court conviction and has
2    not shown that it has been invalidated, his only current available relief is a *habeas corpus*
3    action. (*Id.*) Additionally, as for the claims against Defendant District Attorney Darcy
4    Cameron, Judge Baldwin recommends dismissal because state prosecutors are immune
5    from § 1983 suits for actions taken within the scope of their prosecutorial duties. (*Id.* at
6    5.) Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's R&R (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 1) be denied as moot.

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice and without leave to amend.

It is further ordered that Plaintiff's motion for counsel (ECF No. 1-3) be denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 16th Day of July 2025.

                    MIRANDA M. DU
                    UNITED STATES DISTRICT JUDGE